# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DEON BREWER,**

    **Petitioner,**

**v.**                                                **CIVIL ACTION NO. 1:05CV2**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DISMISSING §2255 MOTION

This case was referred to United States Magistrate Judge John S. Kaull for initial review and report and recommendation pursuant to Standing Order No. 4 and in accordance with Local Rule of Prisoner Litigation 83.09. After reviewing the motion filed pursuant to 28 U.S.C. §2255, Magistrate Judge Kaull filed a report and recommendation on September 19, 2005, following which, on October 4, 2005, Deon Brewer ("Brewer") filed timely objections.

The Court, after reviewing the record before it and conducting a <u>de novo</u> review of all matters before the magistrate judge in considering the motion, concludes that the §2255 motion should be dismissed because it was improperly filed.

### I. PROCEDURAL HISTORY

On January 3, 2005, Darlene M. Nelson ("Nelson"), on behalf of her boyfriend, Brewer, an inmate at FCI-Elkton, filed a motion under 28 U.S.C. §2255 to vacate, set aside, or correct sentence by a person in federal custody. In the motion, Nelson stated that she was Brewer's girlfriend and that she signed the motion because she

**BREWER v. UNITED STATES OF AMERICA          Civil Action No. 1:05cv2**

**ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION AND DISMISSING 2255 MOTION**

did not have enough time to obtain his signature. On June 6, 2005, Magistrate Judge Kaull ordered the Government to respond to the §2255 motion, directing it to focus on whether Nelson had met the requirements to establish "next friend" status which would authorize her to sign the motion on Brewer's behalf.

On June 27, 2005, the respondent filed the "United States' Response To The Issue Of Ms. Darlene Nelson Filing A Motion Pursuant to 28 U.S.C. §2255 As 'Next Friend' On Behalf Of the Petitioner Deon Brewer," stating that Nelson did not meet the requirements set forth in <u>Whitmore v. Arkansas</u>, 495 U.S. 149 (1990), to file the motion as "next friend" on behalf of Brewer. Accordingly, the Government asserted that the §2255 motion should be dismissed for failure to be signed and verified by the named petitioner. On August 12, 2005, Brewer filed "Mr. Brewer's Reply To The United States' Response To The Issue Of Ms. Darlene Nelson Signing and Filing A 28 U.S.C.A. §2255 Motion As 'Next Friend' At His Request," asking the Court to consider the motion as one without a signature and to instruct the clerk to return the original §2255 motion to him for his signature. He also stated that he never intended for the motion to be a "next friend" filing and had adopted the claims as his own despite Nelson signing and filing the motion.

2

**BREWER v. UNITED STATES OF AMERICA**   Civil Action No. 1:05cv2

## ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DISMISSING 2255 MOTION

On September 19, 2005, Magistrate Judge Kaull filed his report and recommendation, recommending that the §2255 motion filed by Nelson be dismissed without prejudice because she did not have "next friend" standing, and, therefore, the Court had no jurisdiction over the motion. Specifically, the magistrate judge found that Nelson failed to satisfy the requirements of <u>Whitmore v. Arkansas</u> to establish "next friend" status. The magistrate judge also recommended that the style of the case be changed to reflect that the motion had been filed by Nelson as "next friend" of Brewer.

On October 4, 2005, Brewer filed timely objections to the magistrate judge's report and recommendation. He stated that Nelson was truly dedicated to his best interests because she attended every court appearance with him, signed a contract with his attorney in which his counsel agreed to forward copies of every pleading filed in Brewer's case to Nelson, relayed messages between Brewer and his brother who drafted the 2255 motion, and received the motion from Brewer's brother because the Bureau of Prisons prohibited the motion from being sent directly to Brewer. Furthermore, Brewer stated that Nelson read the motion to him over the telephone and that he authorized her to sign and file the motion on his behalf. Moreover, Brewer stated that, when filing the

**BREWER v. UNITED STATES OF AMERICA**      Civil Action No. 1:05cv2
**ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION AND DISMISSING 2255 MOTION**

motion, Nelson asked the clerk if she was permitted to sign the motion on Brewer's behalf and that the clerk responded that she could sign the motion without mentioning "next friend" status. He stated further that the clerk sent him a sample certificate of service because no certificate of service was filed with his motion and that he signed and returned the sample certificate of service to the clerk.[1]

On November 1, 2005, Nelson filed an affidavit, stating that she never intended to file a "next friend" motion and only signed and filed the motion on behalf of Brewer because she received the motion from Brewer's brother on January 3, 2005 and Brewer's deadline to file his §2255 motion was January 8, 2005. Accordingly, she stated that she read the motion to Brewer over the telephone and that he authorized her to file the motion on his behalf because there was not adequate time to send the motion to him prior to the deadline. Nelson also stated that she asked the clerk if she was permitted to file the motion on Brewer's behalf and that the clerk

---

[1] The docket reflects that the clerk sent a "Notice of General Guidelines For Appearing Pro Se In Federal Court" to Brewer on January 3, 2005. This is a standard notice sent by the Court to all pro se petitioners, providing general guidelines about filing pleadings in federal court and attaching a sample certificate of service. The docket does not reflect that a certificate of service was ever filed by Brewer for the §2255 motion filed by Nelson on January 3, 2005.

4

responded that she could without mentioning "next friend" status. Nelson asserted that she is dedicated to Brewer's best interest because they have a common law marriage and she is the mother of his child.

## II. DISCUSSION

The issue before the Court is whether the motion filed by Nelson should be dismissed for failure to be signed by the movant or by a person authorized to sign for the movant. If Nelson failed to satisfy the requirements to establish "next friend" status, the Court is without jurisdiction to consider the substantive issues raised in the §2255 motion filed by Nelson.

Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings For The United States District Courts states that a motion must be signed under penalty of perjury by the movant or by a person authorized to sign for the movant. The Advisory Committee notes to Rule 2 state:

> Revised Rule 2(b)(5) has been amended by removing the requirement that the motion be signed personally by the moving party. Thus, under the amended rule the motion may be signed by the movant personally or by someone acting on behalf of the movant, assuming that the person is authorized to do so, for example, an attorney for the movant. The Committee envisions that the courts would apply third-party or "next friend," standing analysis in deciding whether the signer was actually authorized to sign the motion on behalf of the movant. See generally <u>Whitmore v. Arkansas</u>, 495 U.S. 149 (1990) (discussion of

requisites for "next friend" standing in habeas petitions). See also 28 U.S.C. §2242 (application for state habeas corpus relief, or by someone acting on behalf of that person).

A "next friend" does not himself become a party to the habeas corpus petition in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest. Whitmore v. Arkansas, 495 U.S. 149, 163-64 (1990). The "next friend" standing is not automatically granted to whomever files a motion on behalf of another. Id. "The burden is on the "next friend" clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." Id.

To pursue action on behalf of another, a "next friend" must provide an adequate explanation of why the real party in interest cannot prosecute the action on his own behalf. Id. A "next friend" must also establish that he or she is dedicated to the best interests of the person on whose behalf he or she seeks to litigate and have some significant relationship with that person. Id. Accordingly, if the motion does not establish satisfactory reasons as to why the movant did not sign and verify his motion as well as a strong relationship between the filing party and the movant, the Court is without jurisdiction to consider the motion.

**BREWER v. UNITED STATES OF AMERICA        Civil Action No. 1:05cv2**

**ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION AND DISMISSING 2255 MOTION**

The motion filed by Nelson did not establish an adequate explanation of why she had to file the motion as a "next friend" on behalf of Brewer. Here, Nelson failed to establish infancy, incompetency or disability on the part of Brewer and merely stated that she did not have enough time to obtain his signature. In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. §2255. The limitation period runs from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Nelson was sentenced in January 2004 to 87 months of imprisonment. The §2255 motion filed by Nelson asserted claims of

7

**BREWER v. UNITED STATES OF AMERICA      Civil Action No. 1:05cv2**

**ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION AND DISMISSING 2255 MOTION**

ineffective assistance of counsel, arising from alleged failures of Brewer's counsel to make various objections to the recommendations in his presentence report at his sentencing. Clearly, the facts on which Brewer's §2255 motion was based were known at the time of Brewer's sentencing. Brewer, therefore, had the entire one-year limitations period to file his §2255 motion. Accordingly, Nelson's representation that she did not have sufficient time to obtain Brewer's signature on the motion is insufficient to establish "next friend" status because Brewer had one year from the date on which his judgment became final in which to file his §2255 motion.

Although Brewer asserts that he did not intend for Nelson to file a "next friend" motion, Rule 2 of the of the Rules Governing Section 2255 Proceedings For the United States District Courts requires that a motion be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant. Because Brewer did not sign the §2255 motion, Nelson must meet the requirements to establish "next friend" standing for the motion to be considered properly filed on January 3, 2005. Brewer requests that the Court treat the §2255 motion filed by Nelson as an unsigned motion and return it to him for his signature. However, if the Court were to treat the motion as unsigned and return it to Brewer, the motion would not be considered properly filed until the

date on which the Court receives the motion signed by Brewer. Brewer, therefore, would still be faced with issues of untimeliness.[2]

Finally, Brewer contends that Nelson asked a court clerk if she could sign the motion and that the clerk represented that Nelson could sign the motion on behalf of Brewer without mentioning "next friend" status. However, the form motion signed by Nelson provided a space beneath the signature line and stated:

> If the person is not movant, state relationship to movant and explain why movant is not signing this motion.

The form clearly requests the information needed to determine if the person signing the motion has "next friend" standing.

In response to the form's request, Nelson stated only that she did not have enough time to send the motion to Brewer for his signature. As stated above, this is not an adequate explanation as to why Brewer could not sign and file the motion on his own behalf. Furthermore, Brewer has filed objections to the magistrate judge's report and recommendation and Nelson has filed an affidavit in an effort to establish that Nelson was an authorized person to sign

---

[2] The Court has not addressed the issue of timeliness of the §2255 motion filed by Nelson because the motion was not properly filed under Rule 2 of the Rules Governing Section 2255 Proceedings For the United States District Court.

**BREWER v. UNITED STATES OF AMERICA        Civil Action No. 1:05cv2**

**ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION AND DISMISSING 2255 MOTION**

the §2255 motion on behalf of Brewer failed to state an adequate explanation as to why Brewer could not sign the motion on his own behalf. Accordingly, the motion was not properly filed because Brewer was not impeded from signing and filing the motion on his own behalf, but he failed to do so.

### III. CONCLUSION

In short, Nelson did not establish "next friend" standing; thus the §2255 motion filed by her on Brewer's behalf is not properly filed under the rules governing section 2255 proceedings. Consequently, the Court **ADOPTS** the Report and Recommendation in its entirety, **DISMISSES** the §2255 motion **WITHOUT PREJUDICE** and **ORDERS** that it be stricken from the Court's docket.

The Clerk is directed to transmit copies of this Order to the petitioner and all appropriate agencies.

DATED: December __23__, 2005

_____
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE